FILED
8/23/2022 1:12 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 22-2025

| | | |
|---|---|---|
| JOSHUA SPEZIA, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § | HAYS COUNTY, TEXAS |
| LOWE'S HOME CENTERS, LLC, | § § | |
| Defendant. | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

JOSHUA SPEZIA, ("Plaintiff") complaining of LOWE'S HOME CENTERS, LLC ("Lowes") ("Defendant") and for cause of action would respectfully show this Court as follows:

### I.
### DISCOVERY CLASS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.4, Plaintiff requests that discovery be conducted under Level 3.

### II.
### JURISDICTION

This is an action within the jurisdiction of this Court. Hays County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### PARTIES

Plaintiff is a resident of Caldwell County, Texas.

Defendant Lowe's, under information and belief, is a company doing business in the State of Texas and is headquartered in Mooresville, North Carolina. In the event that Lowe's is misnamed, Plaintiff alleges that such was a misidentification and/or misnomer, and/or that the

**EXHIBIT C**
9-12-2022                    4A22037JRAB0001                                5820220912005868

misnamed entity is the alter ego of the named party. Alternatively, any corporate veils or other contrivances should be pierced and/or disregarded in order to hold the party properly included in this lawsuit and judgment in the interest of justice. Alternatively, Plaintiff invokes Rule 28 of the TRCP to have the true name of the party substituted at a later time upon motion by any party or of the Court. Issuance of citation is requested at this time, and Plaintiff requests that the citation be issued to: Lowe's, c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## IV.
## VENUE

Venue is proper in Hays County, Texas under the provisions of TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all events giving rise to the claim occurred in whole or in part in Hays County.

## V.
## FACTS

Plaintiff is an employee at Lowe's at the San Marcos, Texas location. Plaintiff, in the month prior to his injury, experienced intermittent back pain as a result of the course and scope of his duties at Lowe's. Specifically, Plaintiff was regularly tasked with lifting items, such as wooden doors, as part of the course and scope of his employment. Plaintiff, roughly one month prior to his injury, called out of work and explained to his supervisor(s) at Lowe's that he had been bed-ridden with back pain as a result of his responsibilities as a Lowe's employee. Prior to his injury, Plaintiff expressed his concerns regarding his back pain with his supervisor(s) and asked to be moved to a different department, and specifically a department where he would not be required to do any heavy lifting.

On or about March 3, 2022, at roughly 10 am, Plaintiff was at work when he felt something irregular in his back, along with a feeling of numbness in his leg. Plaintiff took a few moments to sit down to rest, in the hopes that whatever was happening would pass. Plaintiff quickly figured out that what had happened was not simply going to pass, and Plaintiff was helped from the store by a manager who wheeled him out of the store in a wheelchair and into Plaintiff's mother's car. Plaintiff was not advised as to any specific protocol prescribed by Lowe's in the case of an on-the-job injury or emergency nor was Plaintiff aware of any specific protocol.

Accordingly, Plaintiff sought medical care under his own direction at Seton Northwest Hospital with Dr. Juan Ortega. Upon arrival and after an examination, Dr. Ortega advised Plaintiff that he needed surgery, and that the surgery should be performed immediately. Plaintiff relied on Dr. Ortega's recommendation and elected to undergo the recommended surgical procedure. Since that time, even after regular physical therapy sessions and follow-up appointments, Plaintiff continues to experience pain, numbness, and other issues related to the injury made the basis of his claim.

## VI.
## CLAIMS AGAINST LOWE'S

### I. EMPLOYER NEGLIGENCE

The allegations in the preceding paragraphs are incorporated herein. Plaintiff alleges per section 406.031 of the Labor Code, that Lowe's is responsible for Plaintiff's injury because at the time of the injury Plaintiff was subject to Section 406.031, and the injury arose out of and in the course and scope of his employment. Plaintiff was injured while performing duties assigned to him through the course and scope of his employment at Lowe's. Plaintiff alleges that no exceptions, as enumerated in section 406.032 of the Labor Code, apply to his injury.

Further, Lowe's is a nonsubscriber to worker's compensation insurance as authorized per section 406.003 of the Labor Code. Accordingly, Lowe's is foreclosed from using any of the common-law defenses available to a subscribing entity as enumerated in section 406.033 of the Labor Code. Plaintiff alleges, under section 406.033(d) that Lowe's negligence, and the negligence of its agent or servant, and specifically Plaintiff's supervisor(s), were responsible for Plaintiff's injury made the basis of his claim. Plaintiff alleges that at no time did he waive his cause of action, either prior to or after he sustained his injury.

## VII.
## JURY TRIAL

Plaintiff demands a jury trial on all facts and issues in this case.

## VIII.
## DAMAGES

Plaintiff seeks damages for future lost wages, pain and suffering, mental anguish, past and future medical bills, and punitive damages. At this time, Plaintiff seeks one million five-hundred thousand ($1,500,000.00) dollars in total damages.

## IX.
## PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein, that Plaintiff recover judgment pursuant to the above-referenced causes of action in such amounts that will be shown proper at trial, together with pre-judgment and post-judgment interest as provided by law, costs of court, attorney's fees, and for such other and further relief at law and equity to which Plaintiff may be justly entitled.

Respectfully submitted:

*/s/ Eric L. Grogan*
Eric L. Grogan
Texas Bar No. 24116461
GROGAN LAW, PLLC
7600 Chevy Chase Dr.
Suite 300
Austin, TX 78752
eric@groganfirm.com
512-966-1847
***Attorney for Plaintiff Joshua Spezia***

**EXHIBIT C**